**BROWNING DEBENTURE HOLDERS'
COMMITTEE, et al.,
Plaintiffs-Appellants,**

v.

**DASA CORPORATION, et al.,
Defendants-Appellees.**

**Nos. 1022, 1023, Dockets 78–7083,
78–7084.**

United States Court of Appeals,
Second Circuit.

Argued April 26, 1978.

Decided Aug. 31, 1978.

Bradley R. Brewer, New York City (Brewer & Soeiro, New York City, on the brief), for plaintiffs-appellants Roy E. Brewer and Bradley R. Brewer.

I. Michael Bayda, New York City (Jeffrey I. Slonim, and Jacobs Persinger & Parker, New York City, on the brief), for defendant-appellee DASA Corp.

David H. Olasov, New York City (Edward W. Keane, and Sullivan & Cromwell, New York City, on the brief), for defendant-appellee The Bank of New York.

Before LUMBARD, MULLIGAN and TIMBERS, Circuit Judges.

TIMBERS, Circuit Judge:

The central issue before us on this latest of many appeals during the six years of this litigation is whether the district court abused its discretion in permanently enjoin-

ing the Brewer plaintiffs [1] from engaging in further harassing litigation against The Bank of New York and DASA Corporation based on facts previously alleged by plaintiffs and claims previously adjudicated by the district court on the merits with prejudice—an adjudication previously affirmed by us on the merits. On the particular facts of this case, we hold that the district court did not abuse its discretion in entering the permanent injunction. We affirm.

I.

The order appealed from, entered March 28, 1978 in the Southern District of New York, Richard Owen, *District Judge*, followed an extensive hearing conducted by the district court and is supported by the district court's comprehensive forty-three page opinion setting forth findings of fact which we accept, Fed.R.Civ.P. 52(a), and conclusions of law with which we agree. In view of the full exposition of the facts by Judge Owen in his excellent opinion of March 28, 1978, as well as in the prior opinions of this Court and the district court during the six years of this protracted litigation,[2] we shall not burden the reports with still another narrative of asserted facts and claims which repeatedly have been weighed and found wanting; nor shall we attempt again to summarize the prior proceedings, some of which hardly a year ago we agreed were "frivolous" and were engaged in by Bradley R. Brewer "in bad faith." *Browning Debenture Holders' Committee, et al. v. DASA Corporation*, 560 F.2d 1078, 1088 (2 Cir. 1977) (Mansfield, *J.*).

Suffice it to say for the purpose of this opinion that the instant litigation was based on claims which arose out of a proposal by DASA in 1971 to sell computer equipment and, in order to improve the company's liquidity, to reduce the conversion price of certain of its debentures of which the Bank was the indenture trustee. DASA accordingly sought from its debenture holders approval of this proposal, including reduction of the conversion price of the debentures from $42.42 to $21.00. The instant bondholders action, commenced in 1972 in the Southern District of New York, alleged, as to DASA, that its proposal was unfair; and, as to the Bank, that as indenture trustee it should have evaluated the fairness of DASA's proposal and have transmitted its opinion to the debenture holders before they voted. The upshot of this action in the district court was that it was dismissed as to the Bank before trial and it was dismissed as to DASA after trial. 431 F.Supp. 959 (S.D.N.Y.1976). We affirmed the dismissal on the merits, 560 F.2d 1078 (2 Cir. 1977), but we remanded for redetermination of the award of attorneys' fees against plaintiffs' counsel. *Id.* at 1087–89.

In order to facilitate proceedings pursuant to our remand, Judge Owen invited counsel to appear before him. They did. At this hearing, and later confirmed in writing, Brewer had the hardihood to announce that he had no intention of submitting to our remand to redetermine the award of attorneys' fees against him until he could obtain an adjudication by the New York *state* courts of the same claims already adjudicated in the instant *federal* court action *against the Bank*. What Brewer did not tell Judge Owen, however, was that he was about to commence such an action, literally under the cover of night,

1. Although the caption of this case in the district court and in this Court has been sprinkled by plaintiffs' counsel with various names of asserted parties, the only parties in any way involved on this appeal are Bradley R. Brewer and his father, Roy E. Brewer (hereinafter, "the Brewer plaintiffs" or "appellants"); Bradley R. Brewer as attorney for appellants (hereinafter, "Brewer"); and The Bank of New York and DASA Corporation (hereinafter, "the Bank", "DASA" or "appellees").

2. Judge Owen's opinion of March 28, 1978, the subject of the instant appeal, is reported at 454 F.Supp. 88 (S.D.N.Y.1978).

See Judge Owen's earlier opinion after trial on the merits, 431 F.Supp. 959 (S.D.N.Y.1976), *aff'd on the merits*, 560 F.2d 1078 (2 Cir. 1977), *remanded for redetermination of award of attorneys' fees against plaintiffs' counsel, id.* at 1087–89; *see also* 357 F.Supp. 1010 (S.D.N.Y. 1972); [1973 Transfer Binder] Fed.Sec.L.Rep. (CCH) ¶ 94,194 (S.D.N.Y.1973), *aff'd* 524 F.2d 811 (2 Cir. 1975); [1974–1975 Transfer Binder] Fed.Sec.L.Rep. (CCH) ¶ 94,727 (S.D.N.Y.1974), *aff'd*, 560 F.2d 1078 (2 Cir. 1977; *id.* ¶ 95,071 (S.D.N.Y.1975), *aff'd*, 560 F.2d 1078 (2 Cir. 1977).

*against DASA* in the New York County Supreme Court, entitled *Bradley R. Brewer, et al. v. DASA Corporation, et al.*, No. 1867/78. This action was commenced, as Judge Owen found, "[t]hat night [February 2, 1978], without notice to anyone" when "Mr. Brewer commenced an action in the New York State Supreme Court against DASA Corporation, five individual directors of DASA, DASA's law firm, and two individual partners in that law firm, by serving a summons with notice upon one of those partners at his home. Service was made upon the law firm the next day." This action was commenced the night of the day following the hearing held by Judge Owen on the Bank's order to show cause requesting a permanent injunction against such a state court action. At the end of that hearing on February 1, Judge Owen announced, "I will reserve decision and I will continue the stay."

Brewer later attempted to explain away his extraordinary conduct in commencing the New York County Supreme Court action in the teeth of Judge Owen's order continuing the stay, by maintaining that he did not hear Judge Owen's announcement.[3]

After the Bank was threatened by Brewer with a new action and DASA actually was sued by Brewer in the New York County Supreme Court on the same claims which previously had been adjudicated against Brewer in the instant action, the Bank and DASA sought under the All Writs Statute, 28 U.S.C. § 1651(a) (1970), and Fed.R.Civ.P. 65, the permanent injunctive relief which was granted in the order entered March 28, 1978, from which the instant appeal has been taken.

### II.

Despite Brewer's blunderbuss approach, both in his brief and oral argument, to what he suggests is a morass of issues on this appeal, we find the central issue to be the simple, straightforward one stated at the outset of this opinion: whether the district court abused its discretion in entering the permanent injunction under the particular circumstances of this case. We hold that it did not.

In reaching this conclusion, we shall state briefly the reasons for our ruling on what we regard as the principal claim raised on this appeal, namely, that the injunction entered by the district court was based on an incorrect interpretation of the doctrine of res judicata.

It is well settled that, where a district court finds that an action is repetitious, baseless, or intended to harass, it may enjoin it in the exercise of its inherent equity power and pursuant to the All Writs Statute, *supra.*

The equitable power of a *federal* court to enjoin *state* court proceedings is subject to the limitations imposed by the anti-injunction statute, 28 U.S.C. § 2283 (1970). That statute bars a federal court from enjoining pending state court proceedings, "except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or *to protect or effectuate its judgments.*" *Id.* (emphasis added).

Here, as to both the Bank[4] and DASA, the district court correctly enjoined relitigation of claims in the state courts which previously had been adjudicated in the federal court, under the exception to § 2283 which permits such an injunction "to protect or effectuate its judgments," since relitigation of such claims is barred by res judicata. *Samuel C. Ennis & Co. v. Woodmar Realty Co.*, 542 F.2d 45, 49 (7 Cir. 1976), *cert. denied*, 429 U.S. 1096 (1977); *Ward v. Pennsylvania N.Y. Central Transportation Co.*, 456 F.2d 1046 (2 Cir. 1972); *Walter E. Heller & Co. v. Cox*, 379 F.Supp. 299, 307 (S.D.N.Y.1974).

---

3. Brewer's Application to the United States Supreme Court dated February 22, 1978, at 12, seeking a stay of Judge Owen's order.

4. As to the Bank, wholly aside from the matter of res judicata, § 2283 by its terms has no application since no state court action had been commenced against the Bank as of the date of the injunction.

Appellants argue that this exception to § 2283 is not applicable here because they are not precluded by res judicata from raising their claims in the state courts. Appellants contend that the district court did not consider or rule on their claims against the Bank and DASA based upon the applicable *state* law of fiduciary duty; and further that the dismissal in favor of the Bank was not on the merits. We reject both contentions.

Appellants most assuredly asserted in the district court their claims based on state law. In their original complaint, appellants alleged that the Bank, by its inaction, violated its fiduciary obligations under the indenture as well as under the statute. At several points during the proceedings in the district court appellants asserted that their claims were based on non-contract *state* fiduciary law as well as on the applicable federal law.

In their recently commenced New York County Supreme Court action against DASA, appellants allege a breach of fiduciary duty under *state* law. This claim also was raised in the district court.

■ Moreover, it is too well established, especially by our recent decisions, to require dilation here, that res judicata is binding upon parties as to issues which *might* have been raised but were not. *See, e. g., Sanchez v. Caribbean Carriers Limited,* 552 F.2d 70, 72 (2 Cir. 1977); *Grand Bahama Petroleum Co. v. Asiatic Petroleum Corp.,* 550 F.2d 1320, 1323 (2 Cir. 1977); *Weston Funding Corp. v. Lafayette Towers, Inc.,* 550 F.2d 710, 712–15 (2 Cir. 1977). Thus, even if the district court had not ruled explicitly on the state law fiduciary claims now sought to be raised in the state courts, litigation of such claims nevertheless would be barred by res judicata.

■ We also reject the contention that the district court's dismissal of the action against the Bank was not "on the merits". In the action as originally commenced in the district court the claims against the Bank were dismissed for failure to post a bond. Such an involuntary dismissal for failure to comply with a court order constitutes a dismissal on the merits. Fed.R. Civ.P. 41(b). Moreover, the dismissal here clearly was on the merits since the district court imposed the bond requirement, "[g]iven the lack of legal support for the allegations against the Bank. . . ." 431 F.Supp. 959, 962 (S.D.N.Y.1976). On appeal we affirmed the district court's judgment of dismissal "on the merits". 560 F.2d 1078, 1081, 1089.

Appellants nevertheless urge that under *Saylor v. Lindsley,* 391 F.2d 965 (2 Cir. 1968), such a dismissal is not a judgment "on the merits" sufficient to trigger the application of res judicata. We hold that *Saylor* is wholly inapposite here. In *Saylor* we acknowledged the general rule that a dismissal under Rule 41(b) was "on the merits" for purposes of res judicata; but on the facts of that case we refused to preclude a *new plaintiff* from bringing a shareholders derivative action where a *prior plaintiff* had failed to post bond in the early stages of the litigation. In so holding, we emphasized that the dismissal was *prior* to any significant preparations by the defendants for trial. In the instant case the situation is quite different. The Brewer appellants commenced the original action. They failed to post bond. They will not be permitted now to rely upon their own non-compliance with a court order to bootstrap themselves into further harassing of appellees who already have borne a very substantial burden in defending against essentially baseless and frivolous claims.

■ We also reject appellants' related contention that the district court abused its discretion in granting this injunction because defendants could obtain sufficient relief by a state court ruling on a motion to dismiss on grounds of res judicata. We think that the district court's own words best dispose of this contention:

"In a case such as this it would be a disservice not only to the defendants, but also to the state judiciary, to allow the entire record to be placed in the lap of the New York State courts to be argued over by lawyers and puzzled over by judges for years to come. While comity requires respect for the ability of the state courts to decide the issue of res judicata properly, it also requires sympathy for their calendar problems and for the task that would confront them were this litigation to be imposed upon them."

We agree.

■ To summarize: Appellants raised in the federal court the claims which they now seek to relitigate in the state courts. Dismissal of these claims by the federal court

in favor of the Bank and DASA was "on the merits". Further litigation of these claims is precluded by res judicata. The district court's injunction against pending and future state court proceedings manifestly is necessary "to protect or effectate its judgments" and is not barred by § 2283.

Returning to the central issue in the case, we hold that the district court did not abuse its discretion in enjoining further proceedings based on operative facts previously alleged by plaintiffs and claims previously adjudicated by the district court.

### III.

■ In addition to affirming the order of the district court, we order, under all the circumstances of this appeal,[5] that double

---

5. This is the *ninth* appeal or petition for mandamus filed by Brewer and his colleagues in this Court since the inception of the litigation in early 1972.

The eight prior proceedings in this Court and their dispositions were:

(1) Appeal filed May 22, 1972 from denial of preliminary injunction was *dismissed* as moot.

(2) Appeal filed November 8, 1974 from judgment dismissing Claims 1 and 2 and from interlocutory orders was *dismissed* in part, and the judgment was *affirmed.* 524 F.2d 811 (2 Cir. 1975).

(3) Petition dated March 11, 1975 for "an order in the nature of mandamus" was *denied.*

(4) Appeal filed May 22, 1975 from interlocutory orders was *dismissed.*

(5) Appeal filed August 9, 1976 from interlocutory orders was *dismissed.*

(6) Appeal filed January 19, 1977 from judgment on the merits and various other rulings; judgment and all other rulings *affirmed* on the merits, except *remanded* for redetermination of the award of attorneys' fees against Brewer. 560 F.2d 1078 (2 Cir. 1977).

(7) Petition for mandamus dated February 16, 1978 was *denied.*

(8) Renewed petition for mandamus dated March 3, 1978 was *denied.*

The repeated filing of appeals from interlocutory orders, at least one moot appeal and various petitions for writs of mandamus strongly indicate a pattern of harassment, especially since, with one exception, Brewer has failed in each of his nine trips to this Court.

The one exception was our remand of a year ago, 560 F.2d at 1087–89, for redetermination

of the award of attorneys' fees against Brewer. Instead of complying with our remand on that issue, the record is crystal clear that Brewer's commencement of the state court action against DASA and his threatened state court action against the Bank (the subject of the instant permanent injunction) are at least in large measure, if not primarily, for the purpose of diverting the district court from redetermining the claims of DASA and the Bank against Brewer for attorneys' fees, as we ordered on August 11, 1977. In his memorandum filed in the district court on December 16, 1977, in response to Judge Owen's request for statements by the parties as to their positions on the remand issue (redetermination of attorneys' fees against Brewer), Brewer in effect admitted that the purpose of the Brewer plaintiffs in suing the Bank in the state court was to avoid the issue as to the amount of attorneys' fees to be awarded against him:

"In effect, all the bank does by prosecuting its present and rather limited fee claim is provide BRB [Bradley R. Brewer] and REB [Roy E. Brewer] with an additional reason, apart from BRB's belief in its merits, to separately prosecute the undetermined state claims against it." Brewer's District Court Memorandum of December 16, 1977, at 17.

And this statement by Brewer regarding the Bank's "rather limited fee claim" was made in the teeth of our observation a year ago regarding the "bad faith or harassment" footing upon which the district court's award of attorneys' fees was based:

"There was ample evidence to support a finding that Bradley Brewer acted in bad faith in

costs in this Court and $2500 damages be awarded against appellant Bradley R. Brewer who also is the attorney for appellants on this appeal. 28 U.S.C. § 1912 (1970); F.R.A.P. 38; see *Der-Rong Chour v. I. N. S.*, 578 F.2d 464, 469 & n.4 (2 Cir. 1978); *Fluoro Electric Corp. v. Branford Associates*, 489 F.2d 320 (2 Cir. 1973); *Oscar Gruss & Son v. Lumbermens Mutual Casualty Co.*, 422 F.2d 1278 (2 Cir. 1970).

We further order that the mandate issue forthwith; that the judgment of this Court include the provision for double costs and damages ordered above; and that execution on the judgment of this Court for costs and damages issue within ten days of the date of entry of the judgment of this Court.[6]

Affirmed with double costs and $2500 damages against appellants' counsel in this Court.

taking some procedural steps (e. g., the appeal of mooted issues, the delay for discovery never undertaken, the motion for reargument made 5½ months after denial of appellants' motion for summary judgment, the making of frivolous motions for summary judgment against the Bank and Andersen, the motion to add parties on the basis of a misleading page of a letter taken out of context, the dragnet subpoenas served on Andersen and others, the threats to depose numerous Bank officers, etc.)." 560 F.2d at 1088-89 (2 Cir. 1977) (Mansfield, *J.*).
This pattern of bad faith and harassment on the part of Brewer has continued unabated through the proceedings in the district court following our remand of August 11, 1977, culminating in

the permanent injunction of March 28, 1978, from which the instant appeal was taken under circumstances which we find warrant the award in this Court of double costs and damages against Bradley R. Brewer and in favor of DASA and the Bank.

6. We also deny Brewer's motion filed April 19, 1978 for reconsideration of the order of Judge Mulligan dated April 13, 1978 which denied Brewer's motion for leave to file four copies of a limited appendix. The matter in any event is moot by now since we have carefully considered the *entire* record in this case, including the contents of the appendix which was the subject of Brewer's motion of April 19, 1978.