[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The plaintiffs, Vincent J. Dowling, Sr. and Vincent Dowling, CT Page 6674 Jr., filed a five-count complaint against the defendants, George C. Finley and Finley Associates, on June 30, 1992 (Dowling v.Finley Associates, CV-92-0513959) (hereinafter "the 1992 action"). A motion to amend the original complaint was filed on November 17, 1994, which met with objection on November 29, 1994. The motion to amend was granted as to counts two and five on December 23, 1994 (Sheldon, J.).
The first count of the amended complaint alleged a violation of Connecticut Uniform Securities Act (CUSA) and sought a reconveyance of the partnership unit and a rescission of the partnership agreement. The second count alleged a violation of CUSA for material misrepresentations, seeking damages under General Statutes §§ 36-472 and 36-473.[1] Count three alleged a violation of the Connecticut Unfair Trade Practices Act (CUTPA). Count four alleged intentional misrepresentation. Count five alleged negligent misrepresentation. In the prayer for relief, the plaintiffs sought monetary damages, rescission, damages under CUTPA, and one point interest on said investment. The defendants filed an answer and three special defenses to the amended complaint on October 26, 1994. Relevant to the present motion, the first of three special defenses raised the statute of limitations provided in General Statutes § 36-498 (f) as a bar to the CUSA count.[2]
This 1992 action was tried before a jury, which entered a general verdict on January 27, 1995, for the defendants on counts two, four and five. Count one was reserved to the court (Corradino, J.) and count three was withdrawn before trial. A mistrial was entered as to count one on January 16, 1996, on the plaintiffs' motion, because a decision had not been rendered within the required 120-day period.
On August 30, 1995, the plaintiffs, Vincent J. Dowling, Sr. and Vincent J. Dowling, Jr., filed a two-count complaint against the defendants, George C. Finley and Finley Associates (Dowlingv. Finley Associates, CV-95-0553697) (hereinafter "the 1995 action"). The complaint and the accompanying prayer for relief seek indemnification of sums paid in a prior settlement, attorney's fees and costs of defending the prior suit, and attorney's fees and costs for bringing this indemnification action. On October 4, 1996, the defendants filed a request for permission to file a motion for summary judgment, pursuant to Practice Book § 379, as to count one of the 1992 action, and counts one and two of the 1995 action. This request was granted CT Page 6675 on October 8, 1996 (Berger, J.). The plaintiffs filed a Memorandum in Opposition on November 6, 1996. The defendants filed a Supplemental Memorandum of Law in Support of the Motion for Summary Judgment on November 22, 1996.
In ruling on a motion for summary judgment, the evidence must be viewed in light most favorable to the nonmoving party. Doty v.Mucci, 238 Conn. 800, 805, ___ A.2d ___ (1996). "Summary judgment is an appropriate vehicle for raising a claim of res judicata."Joe's Pizza, Inc. v. Aetna Life and Casualty Co., 236 Conn. 863,877 n. 8, 675 A.2d 441 (1996). See also Jackson v. R.G. Whipple,Inc., 225 Conn. 705, 712, 627 A.2d 374 (1993) (summary judgment also appropriate vehicle for raising collateral estoppel). "Summary judgment may be granted where the claim is barred by the statute of limitations." Doty v. Mucci, supra, 238 Conn. 806. "A statute of limitations defense must be specially pleaded." Forbesv. Ballaro, 31 Conn. App. 235, 239, 624 A.2d 389 (1993).
The defendants seek summary judgment as to count one of the 1992 action based on the expiration of the statute of limitations, and as to counts one and two of the 1995 action based on collateral estoppel and the general verdict rule. Raising a procedural objection, the plaintiffs contend that the defendants' motion for summary judgment as to count one of the 1992 action was improperly brought in conjunction with the 1995 action, and thus the motion for summary judgment as to this count should be denied. The plaintiffs also argue that because a final judgment was not had in the 1992 action as a result of the mistrial of count one, collateral estoppel cannot bar litigation of the 1995 action. The plaintiffs further contend that a defense of collateral estoppel cannot be maintained on the basis of a general verdict because it is impossible to ascertain which facts were necessary to the verdict, as required under the rules of collateral estoppel.
Count One (1992 Action)
A. The plaintiffs' procedural claim
The plaintiffs' procedural claim is that since the 1992 and 1995 actions have not been consolidated, the defendants have failed to seek summary judgment properly in the case in which the 1992 count is pending.
On January 30, 1996, the plaintiffs' attorney directed a CT Page 6676 letter to the court, Berger, J., presiding judge over civil matters, requesting a continuance of the January 8, 1997 trial date which had been set for the 1995 action and also alerting the court to the 1992 action which plaintiffs' counsel stated should be consolidated. Defendants' counsel was copied on that letter. Defendants' counsel at the time had agreed to the consolidation and on that basis had his motion for summary judgment filed in the 1995 action, cover the one remaining count of the 1992 action.
The court is satisfied that there is no prejudice to the plaintiffs in proceeding to determine the substantive issues raised as to the 1992 action, which issues the plaintiffs have fully briefed and argued in open court. The parties had agreed the cases should move together. This court will honor that agreement, thus avoiding the need to refile the briefs and argue again the same motion for the 1992 action. Accordingly, the plaintiffs' procedural claim as to count one of the 1992 action is denied.
B. Statute of Limitations Defense
The defendants argue that the statute of limitations set forth in General Statutes § 36-498 (f) bars count one of the 1992 action, which alleges a CUSA violation.[3] The plaintiffs contend that the statute of limitations is not applicable to count one of the 1992 action because this count, which seeks rescission, sounds in equity.
The statute of limitations for CUSA causes of action, General Statutes § 36-498 (f), reads in relevant in part: "No person may bring an action under this section . . . with respect to actions arising out of intentional misrepresentations or fraud in the purchase or sale of any interest in any limited partnership not required to be registered under the Securities Act of 1933, no person may bring an action more than one year from the date when the misrepresentation or fraud is discovered, except that no such action may be brought more than five years from the date of such misrepresentation or fraud provided, with respect to an action pending on July 1, 1993, that asserts facts upon which a claim could be asserted under this section on and after July 1, 1993, and which claim is asserted prior to January 1, 1994, no such action may be brought for intentional misrepresentation or fraud that occurred more than five years prior to the date of the filing of the complaint in such action. . . ." CT Page 6677
"Although CUSA and the federal securities laws are not identical, in interpreting CUSA it is instructive to look to rulings of the federal courts interpreting federal securities law, particularly where the language of CUSA is similar to that of the federal law." Santarsiero v. Colonial Realty, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 0554099 (January 5, 1996, Aurigemma, J.), citingConnecticut National Bank v. Giacomi, 233 Conn. 304, 322,659 A.2d 1166 (1995).
"[T]he doctrine of fraudulent concealment was inapplicable to the one year/three year statute of limitations [of the Securities Exchange Act, § 9(a) of the 1934 Act] . . . it is evident that the equitable tolling doctrine is fundamentally inconsistent with the one and three year structure. The one-year period, by its terms, begins after discovery of the acts constituting the violation, making tolling unnecessary. The three-year limit is a period of repose inconsistent with tolling . . . Because the purpose of the three-year limitation is clearly to service as a cutoff, we hold that tolling principles do not apply to the period." Santarsiero v. Colonial Realty, supra, citing Lampf,Pleva, Lipkind, Prupis Petigrow v. Gilbertson, 501 U.S. 350,363 (1991). In addition, other federal courts have held that the one year/three year limitation period requires an action to have been brought within the period of the earlier of one year from the date the fraud was or reasonably should have been discovered or three years from the date of the transaction." (Citations omitted; internal quotation marks omitted.) Santarsiero v.Colonial Realty, supra. "The same analysis applies to the one year/five year limitation in § 36-498 (f)." Id.
The plaintiffs allege a CUSA violation which occurred some time before February 1987. (Complaint, November 15, 1994, count one, ¶ 2.) The plaintiffs did not file this complaint until November 15, 1994, more than five years after the alleged violation. This court, therefore, finds that the plaintiffs failed to bring this cause of action within either the one year or the five year limitation period established in General Statutes § 36-498 (f). Accordingly, the defendants' motion for summary judgment as to count one of the 1992 action is granted.
Counts one and two (1995 action)
CT Page 6678
The defendants argue that the plaintiffs' 1995 action is barred under the doctrine of collateral estoppel because the facts and issues giving rise to the plaintiffs' present indemnification claims were all litigated in the former 1992 action, which was decided by a general jury verdict on January 27, 1995. The plaintiffs contend that collateral estoppel does not apply because (1) a final judgment has not been entered in the 1992 action due to the mistrial of count one; and (2) collateral estoppel cannot be applied in cases of general verdicts because it is impossible to ascertain which facts the jury relied upon or thought necessary to the judgment.
"Claim preclusion (res judicata) and issue preclusion (collateral estoppel) have been described as related ideas on a continuum. Claim preclusion prevents a litigant from reasserting a claim that has already been decided on the merits . . . Issue preclusion, prevents a party from re-litigating an issue that has been determined in a prior suit." (Citation omitted; internal quotation marks omitted.) Crochiere v. Board of Education,227 Conn. 333, 343, 630 A.2d 1027 (1993).
"For an issue to be subject to collateral estoppel, it must have been fully and fairly litigated in the first action. It also must have been actually decided and the decision must have been necessary to the judgment . . . An issue is actually litigated if it is properly raised in the pleadings or otherwise, submitted for determination, and in fact determined." (Citation omitted; emphasis in original; internal quotation marks omitted.)Delahunty v. Massachusetts Mutual Life Ins. Co., 236 Conn. 582,600, 674 A.2d 1290 (1996). "To establish whether collateral estoppel applies, the court must determine what facts were necessarily determined in the first trial, and must then assess whether the [party] is attempting to re-litigate those facts in the second proceeding." (Citations omitted; internal quotation marks omitted.) Aetna Casualty Surety Co. v. Jones, 220 Conn. 285,297, 596 A.2d 414 (1991).
Admittedly, had this court not consolidated the 1992 and 1995 actions and not addressed count one of the 1992 action in this decision, a final judgment would be absent in the 1992 action, precluding the defendants' use of the doctrine of collateral estoppel in the 1995 action.[4] Because this court did consolidate both actions and entered judgment on count one of the 1992 action by granting the defendants' present motion for summary judgment, this court finds that a final judgment does CT Page 6679 exist in the 1992 action, thereby allowing the defendants to raise the argument that the resolution of the 1992 action precludes litigation of the facts and issues raised in the 1995 action. By so finding, this court will be in keeping with the purposes behind the doctrines of res judicata and collateral estoppel: "(1) to promote judicial economy by minimizing repetitive litigation; (2) to prevent inconsistent judgments which undermine the integrity of the judicial system; and (3) to provide repose by preventing a person from being harassed by vexatious litigation." (Citations omitted; internal quotation marks omitted.) State v. Ellis, 197 Conn. 436, 466, 497 A.2d 974
(1985).
The general verdict rule also does not prevent application of the doctrine of collateral estoppel, as argued by the plaintiffs. "Under the general verdict rule, if a jury renders a general verdict for one party, and no party requests interrogatories, an appellate court will presume that the jury found every issue in favor of the prevailing party. Thus, in a case in which the general verdict rule operates, if any ground for the verdict is proper, the verdict must stand; only if every ground is improper does the verdict fall. The rule rests on the policy of the conservation of judicial resources, at both the appellate and trial levels. . . . In the trial court, the rule relieves the judicial system from the necessity of affording a second trial if the result of the first trial potentially did not depend upon the trial errors claimed by the appellant." (Citations omitted; internal quotation marks omitted.) Gajewski v. Pavelo, 229 Conn. 829,836, 643 A.2d 1276 (1994). This court finds no authority to suggest that the general verdict rule does not apply when collateral estoppel is raised at the trial level.
The Connecticut Supreme Court has held that the general verdict rule applies to five scenarios, including (1) denial of separate counts of a complaint; (2) denial of separate defenses pleaded as such; (3) denial of separate legal theories of recovery or defense pleaded in one count or defense, as the case may be; (4) denial of a complaint and pleading of a specialdefense; and (5) denial of a specific defense, raised under a general denial, that had been asserted as the case was tried but that should have been specially pleaded." (Citation omitted; emphasis added; internal quotation marks omitted.) Id., 839 n. 7.
This court finds that the present action falls under category four above. The general verdict rule thus establishes that the CT Page 6680 jury found every issue in the 1992 action in favor of the defendants.
Looking to the merits of the defendants' collateral estoppel argument, this court finds that the defendants are correct in asserting that the 1995 action attempts to re-litigate issues already litigated in the 1992 action. This court adopts by reference the detailed analysis in the defendants' Memorandum of Law in Support of Defendants' Motion for Summary Judgment, pages 6-15, which provides a side-by-side comparison of the counts alleged in both the 1992 and 1995 actions. This analysis highlights the common set of facts which serve as the basis for both the 1992 and 1995 actions. Finally, the general verdict in favor of the defendants demonstrates that every issue raised in the 1992 complaint was in fact litigated and a final judgment entered on those facts and issues.
Accordingly, this court hereby finds that the plaintiffs' counts one and two of the 1995 action are barred by collateral estoppel. The defendants' motion for summary judgment as to counts one and two of the 1995 action is thus granted.
Mary R. Hennessey, Judge