[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#101)
The defendants, William Holohan and Stanley Konesky, move this court for summary judgment as to all claims brought against them by the plaintiffs, Joan Trojanowski and Erwin Trojanowski. The defendants move on the ground that the plaintiffs' claims are barred by res judicata arising from a disciplinary dismissal, by the United States District Court on June 19, 1996, pursuant to Federal Rules of Civil Procedure 37(b)(2)(1) and 41(b). The plaintiffs oppose the motion, arguing that res judicata is inapplicable because the present matter is not a new action, but merely a "reinstitution" of the action pursuant to General Statutes § 52-592, the accidental failure of suit statute. (Memorandum in Opposition to Motion for Summary Judgment, p. 2.)
Federal Rule of Civil Procedure 41(b) determines the effect of involuntary dismissals. PRC Harris, Inc. v. Boeing Co.,700 F.2d 894, 896, cert. denied, 464 U.S. 936, 104 S.Ct. 344,78 L.Ed.2d 311 (1983). The rule states, in pertinent part: "Unless the court in its order for dismissal otherwise specifies, a dismissal . . . other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits." Id.; see BrowningDebenture Holders' Com. v. DASA Corp., 605 F.2d 35, 39 (2nd Cir. 1978) ("[A]n involuntary dismissal for failure to comply with a court order constitutes a dismissal on the merits.") "In such a situation, res judicata would preclude a subsequent action on the same claim." PRC Harris, Inc. v. Boeing Co., supra, 896. CT Page 4475
"Under the doctrine of res judicata, or claim preclusion, a former judgment on a claim, if rendered on the merits, is an absolute bar to a subsequent action on the same claim. . . . [C]laim preclusion prevents the pursuit of any claims relating to the cause of action which were actually made or might have been made." (Citations omitted: internal quotation marks omitted.)Joe's Pizza v. Aetna Life Casualty Co., 236 Conn. 863, 871-72,675 A.2d 441 (1996). In their memorandum, the plaintiffs state: "This action for negligence . . . was filed in [state] court originally. . . . Because at that time the action contained an additional count aileging a civil rights violation, the defendants removed it to federal court. . . . Within less than one year of the disciplinary dismissal, the plaintiffs refiled their case — this time without the federal law count. . . ." (Memorandum in Opposition to Motion for Summary Judgment, p. 1.) Based upon the effect of Fed.R.Civ.P. 41(b) and the plaintiffs' own concession that the negligence e claims are the same claims subject to the federal District Court's order, that res judicata bars litigation of the present action.
This court has indicated that it is aware of the Connecticut Supreme Court decision holding that disciplinary dismissals are not excluded categorically from the broad parameters of §52-592, and a plaintiff claiming relief under the statute must be allowed to make a factual showing that the prior dismissal was a matter of form due to mistake, inadvertence or excusable neglect.Ruddock v. Burrowes, 243 Conn. 569, 576-77 (1998). However, the plaintiffs should be precluded from invoking General Statutes § 52-592 for two reasons. First, Ruddock involved a disciplinary dismissal pursuant to Practice Book § 251. That case required the court to interpret Connecticut law to determine the applicability of § 52-592 to cases involving state claims brought in our state courts. See id., 570-78.
In contrast, the present matter was brought in federal court to which federal rules were applied. The plaintiffs concede in their memorandum in opposition that even though they believe that the dismissal "would have been reversed had it been appealed," they chose to bring the case in our state court because "the availability of the [a]ccidental [f]ailure of [s]uit statute . . . [rendered] the expense and delay of such an appeal . . . unnecessary." (Memorandum in Opposition, p. 2, n. 1.) The plaintiffs should not be able to avail themselves of the protections of § 52-592. Were the court to rule otherwise, it is submitted that such a ruling may encourage similar!y situated CT Page 4476 parties to forum shop for a favorable remedy, as a matter of convenience and economy, without appropriately attempting to appeal a consequence that was of their own making.
Second, in Browning Debenture Holders' Com. v. DASA Corp., a case involving plaintiffs who expressly asserted both federal and state claims in federal court, but then sought to relitigate the state claims in state court, it was held that res judicata applied to bar further litigation. Browning Debenture Holders' Com. v. DASACorp., supra, 605 F.2d 39. As the District Court in Browning
aptly captured the issue: "In a case such as this it would be a disservice not only to the defendants, but also to the state judiciary, to allow the entire record to be placed in the lap of the [state] courts to be argued over by lawyers and puzzled over by judges for years to come. While comity requires respect for the ability of the state courts to decide the issue of res judicata properly, it also requires sympathy for their calendar problems and for the task that would confront them were this litigation to be imposed upon them." (Citation omitted; internal quotation marks omitted.) Browning Debenture Holders' Com. v.DASA Corp., supra, 605 F.2d 40. Accordingly, for the foregoing reasons the defendants' motion for summary judgment is granted on the ground that res judicata bars further litigation in our state court.
MORAN, J,