[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION FOR SUMMARY JUDGMENT # 114
The plaintiff, Emily Montanaro, as executor of the estate of Ellen Berty, filed a seven-count revised complaint dated April 22, 1998 against the defendants, Dennis Gorelick, Dennis Gorelick as trustee, Glenn Gorelick, Glenn Gorelick as trustee, and Gail Gorelick. The plaintiff alleges that she has obtained a judgment against Dennis Gorelick for the sum of $147,712.06, and that to avoid paying this sum, Dennis Gorelick fraudulently transferred real property located at 10 Boston Avenue, Bridgeport (subject property) to other family members.
The defendants filed a motion for summary judgment as to counts two, three and four on May 21, 1998 on the ground that the present claims were or should have been made in the prior action, and thus are now barred by the doctrines of res judicata and/or collateral estoppel. The defendants argue that although the prior action dealt with a separate piece of property, 487-491 Grand Street, Bridgeport, the subject property appeared on the same deed and could have been included in the plaintiff's claim of fraudulent conveyance in the prior suit. CT Page 10736
The plaintiff filed an objection to the motion for summary judgment on June 12, 1998 in which the plaintiff argues that it was only a coincidence that the subject property was transferred by the same deed as the Grand Street property, and that the subject property was never a part of the prior action. The plaintiff contends that this action has been brought solely to collect the outstanding judgment of the prior action, and that Ellen Berty had no interest in the subject property. The plaintiff argues that she could not have brought an action for fraudulent conveyance of the subject property in the prior action, because at that time there was no judgment to be paid which would prompt Dennis Gorelick to transfer his interests in the subject property.[1] The matter was heard by the court on June 15, 1998.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]. . . ." (Internal quotation marks omitted.) Maffucci v. Royal Park LimitedPartnership, 243 Conn. 552, 554-55, 707 A.2d 15 (1998).
 Res Judicata
"Res judicata, or claim preclusion, is distinguishable from collateral estoppel, or issue preclusion. Under the doctrine of res judicata, a final judgment, when rendered on the merits, is an absolute bar to a subsequent action, between the same parties or those in privity with them, upon the same claim. . . ."Mazziotti v. Allstate Ins. Co., 240 Conn. 799, 812,695 A.2d 1010 (1997). "[C]laim preclusion prevents the pursuit of any claims relating to the cause of action which were actually made CT Page 10737 or might have been made. . . . The doctrine of res judicata [applies] . . . as to the parties and their privities in all other actions in the same or any other judicial tribunal of concurrent jurisdiction . . . and promotes judicial economy by preventing relitigation of issues or claims previously resolved. . . . [T]he appropriate inquiry with respect to [claim] preclusion is whether the party had an adequate opportunity to litigate the matter in the earlier proceeding . . . ." (Citation omitted; internal quotation marks omitted.) Joe's Pizza, Inc. v.Aetna Life Casualty Co., 236 Conn. 863, 872, 675 A.2d 441
(1996).
The original action was commenced by a four-count complaint dated August 15, 1993. (Motion For Summary Judgment, Exhibit B). The causes of action included conversion of rent proceeds due to Ellen Berty by Dennis Gorelick, conversion of Ellen Berty's bank funds by Dennis Gorelick, breach of fiduciary duties owed by Dennis Gorelick to Ellen Berty, and fraudulent conveyance of the Grand Street property from Dennis Gorelick to his children and Glenn Gorelick. (Motion For Summary Judgment, Exhibit B). As to these claims the court, Grogins, J., rendered a decision finding in favor of the plaintiff on the conversion and breach of fiduciary duty causes of action, and in favor of Dennis and Glenn Gorelick on the fraudulent conveyance count. (Motion For Summary Judgment, Exhibit A). Therefore, there was no claim, and thus no final judgment, concerning the alleged fraudulent transfer of the subject property. The present claim of fraudulent conveyance of the subject property is not a relitigation of an issue or claim previously resolved.
"Nevertheless, res judicata can apply to claims not actually litigated. Res judicata not only bars subsequent actions involving the same claims, but also actions involving claims that could have been made." Jeanson v. Lozier, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 529717 (January 28, 1998, Teller, J.). "[The Supreme Court has] recognize[d] that a decision whether to apply the doctrine of res judicata to claims that have not actually been litigated should be made based upon a consideration of the doctrine's underlying policies, namely, the interests of the defendant and of the courts in bringing litigation to a close . . . and the competing interest of the plaintiff in the vindication of a just claim." (Citation omitted.) Delahunty v. Massachusetts Mutual Life Ins.Co., 236 Conn. 582, 591, 674 A.2d 1290 (1996). CT Page 10738
Here, the plaintiff has gone through the rigors of litigating its claims to a successful judgment. While the defendants have a real interest in seeing this litigation concluded, the court feels that this defendants' interest is outweighed by the plaintiff's right to be fully and finally compensated. Although the plaintiff could have included the subject property in the prior fraudulent conveyance claim, the plaintiff should not now be prevented from bringing the present action in light of the court-ordered judgment in the prior suit. Furthermore, the plaintiff should not be penalized for including in the original action only those claims which would have made Ellen Berty whole. The court also notes that the plaintiff's objective is distinct from Ellen Berty's objective in the prior action. While Ellen Berty was concerned with retaining her home, the revenue it produced and her personal monies, the objective now is to collect on a judgment which the court has already found due to Ellen Berty. For these reasons, the defendant's motion for summary judgment on the ground of res judicata is denied.
 Collateral Estoppel
"In contrast [to res judicata] collateral estoppel precludes a party from relitigating issues and facts actually and necessarily determined in an earlier proceeding between the same parties or those in privity with them upon a different claim. . . . Furthermore, [t]o invoke collateral estoppel the issues sought to be litigated in the new proceeding must be identical to those considered in the prior proceeding." (Citations omitted; internal quotation marks omitted.) Mazziottiv. Allstate Ins. Co., supra, 240 Conn. 812. "For an issue to be subject to collateral estoppel, it must have been fully andfairly litigated in the first action. It also must have beenactually decided and the decision must have been necessary to the judgment. . . . An issue is `actually litigated' if it is properly raised in the pleadings or otherwise, submitted for determination, and in fact determined. . . . An issue isnecessarily determined if, in the absence of a determination of the issue, the judgment could not have been validly rendered. . . ."Carol Management Corp. v. Board of Tax Review, 228 Conn. 23, 32,633 A.2d 1368 (1993).
The decision of the court, Grogins, J., did not address any issues having to do with the subject property. (Motion For Summary judgment, Exhibit A). No issues or facts having to do with the subject property were actually or necessarily determined CT Page 10739 by the court in the prior action. (Motion For Summary judgment, Exhibits A; B). Accordingly, the defendants' motion for summary judgment on the ground of collateral estoppel is denied.
Therefore the defendants' motion for summary judgment as to counts two, three and four of the revised complaint is denied on the ground that the doctrine of res judicata does not prevent the plaintiff from bringing these claims. In addition, the doctrine of collateral estoppel does not apply to this case.
DAVID W. SKOLNICK, JUDGE