[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (#111)
The Plaintiff Lorin G. Miller[1] has brought this action against the Defendant Trademark Builders, LLC for damages arising out of the construction of Plaintiff's home by the Defendant. This action was originally brought on the small claims docket, but was transferred to the regular docket by Plaintiff because her claim exceeded the jurisdictional limit of the small claims docket. The Defendant has moved for summary judgment on the ground of res judicata, asserting that Plaintiff's claim arises out of the same transaction that was the subject of two earlier small claims actions.
"[S]ummary judgment `shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Suarez v. Dickmont Plastics Corp.,229 Conn. 99, 105 (1994). The moving party has the burden of showing the absence of any genuine issue as to all material facts. Fogarty v.Rashaw, 193 Conn. 442, 445 (1984). CT Page 12003
Res judicata refers to the concept of claim preclusion. Jackson v. R.G. Whipple, Inc., 225 Conn. 705, 712 (1993). This involves the so-called "transaction test," which "measures the preclusive effect of an earlier judgment and will exclude not only claims which were asserted but also claims which could have been asserted." Duhaime v. American Reserve LifeIns. Co., 200 Conn. 360, 364 (1984). "`The appropriate inquiry with respect to [claim] preclusion is whether the party had an adequateopportunity to litigate the matter in the earlier proceeding. . . .'" (Emphasis in original.) Joe's Pizza, Inc. v. Aetna Life Casualty Co.,236 Conn. 863, 872 (1996), quoting Jackson v. R. G. Whipple, Inc.,
supra, 717-18.
The issue on this motion is whether, under the facts presented, the present action is barred under the doctrine of res judicata by reason of the alleged prior judgments rendered on the small claims docket. It is clear that this action and the small claims actions arose out of the construction of Plaintiff's home by the Defendant.
Orselet v. DeMatteo, 206 Conn. 542 (1988), held that an action on the regular docket for damages to the plaintiff's automobile arising out of a motor vehicle accident was barred under res judicata by reason of a prior small claims judgment for car rental expenses incurred by the plaintiff arising out of the same accident. However, Isaac v. Truck Service, Inc.,253 Conn. 416 (2000), held that a prior small claims judgment in favor of the plaintiff for property damage to her automobile did not under res judicata bar her subsequent action on the regular docket for personal injuries arising out of the same accident.[2] The court was influenced by the trial court's finding that at the time the plaintiff instituted her small claims action, she had not yet sought medical care, and therefore had not yet determined to file a personal injury action. Id., 419.
An analogous situation is here present. The Plaintiff asserts that the claims made in this action had not yet arisen or been apparent at the time of the small claims actions. This raises a genuine issue of material fact whether, under the transaction test, the Plaintiff had an "adequate opportunity" to litigate these matters in the earlier small claims proceedings. Joe's Pizza v. Aetna Life Casualty Co., supra, 872. The Defendant has offered no evidence, by affidavit or otherwise, on this issue, and thus has failed in its burden of proof. Fogarty v. Rashaw,
supra.
The Defendant's motion for summary judgment is denied.
David L. Fineberg Superior Court Judge CT Page 12004