[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The defendants are the Maine law partnership Erwin, Ott, Clark Campbell and its four individual members, James S. Erwin, David N. Ott, Jeffrey J. Clark, and John F. Campbell. The firm represents the estate of Jarvis Cromwell. The plaintiff, Ilene Cromwell Oppenheim, is a CT Page 3302 beneficiary of the estate residing in Connecticut. During the probate proceedings in the state of Maine, the plaintiff made several complaints to the court and to Campbell about the firm's representation of the estate.
In a letter dated February 9, 2000, Campbell addressed the plaintiffs concerns regarding the estate proceedings.[1] At the time the letter was sent, the plaintiff was representing herself pro se.
The plaintiff filed a two-count complaint on August 1, 2000. Count one alleges intentional infliction of emotional distress, and count two alleges libel. Both counts were in response to the letter that was sent by Campbell to the plaintiff. The plaintiff alleges that the letter which was sent to her, her former attorneys and the probate court, contains false, improper and unsubstantiated statements. She further alleges that the letter contains threats to charge exorbitant amounts for the probate proceedings, threats of a lawsuit and threats to "bury the plaintiff" (Complaint, ¶ 17.)
On October 23, 2001, the defendants filed a motion for summary judgment on the ground that the defendants are immune from liability because the letter was absolutely privileged. With the motion, they filed a memorandum of law and attached supporting documentation. In response, the plaintiff filed an opposing memorandum of law on November 28, 2001. On December 6, 2001, the defendants filed a reply to the plaintiffs opposing memorandum. The plaintiff filed an affidavit in opposition to the defendants' motion for summary judgment on January 11, 2002.
 DISCUSSION
Pursuant to Practice Book § 17-49, a motion for summary judgment shall be granted if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Appleton v. Board of Education, 254 Conn. 205, 209, 757 A.2d 1059
(2000). The moving party "has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to judgment as a matter of law." (Citation omitted.) Id. In order for the motion to be denied, the opposing party must show, through evidence, that a genuine issue of material fact exists. Id. "[T]he party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." Id.
The defendants argue that the motion for summary judgment should be CT Page 3303 granted because there is no material issue of fact in dispute. The defendants argue that there is no genuine issue of material fact because the letter is privileged. They argue that the privilege attached because the letter relates to continuing judicial proceedings. In support of their motion, the defendants submit the following evidence: an affidavit from Campbell dated October 2001, a letter from the plaintiff to Campbell and the letter from Campbell to the plaintiff that forms the basis of the complaint. These documents, the defendants argue, show that the letter was sent in the context of continuing judicial proceedings, i.e., the probate proceeding for Jarvis Cromwell's estate.
The plaintiff argues that the motion for summary judgment should be denied for four reasons. First, the plaintiff asserts that the motion was prematurely filed because the defendants have not filed a responsive pleading to the complaint. Second, the defendants have failed to show that there is no genuine issue of material fact as to the issue of absolute privilege. Specifically, the plaintiff asserts that the letter was not written in the course of judicial proceedings. Third, the statements are not protected by the privilege because they are outrageous and threatening. Fourth, the statements are irrelevant to the judicial proceeding and, as such, are not privileged.
There is no merit to the plaintiffs first argument that the defendants cannot file the present motion for summary judgment prior to filing a responsive pleading to the complaint. Pursuant to Practice Book §17-44, motions for summary judgment can be filed at any time. Specifically, a party can file a motion for summary judgment before it files an answer. See Joe's Pizza, Inc. v. Aetna Life and Casualty Co.,236 Conn. 863, 867 n. 8, 675 A.2d 441 (1996). Thus, the defendants properly filed the motion for summary judgment.
The letter is privileged. "It has long been established that there is an absolute privilege for statements made in judicial proceedings. . . . There is a `long-standing common law rule that communications uttered or published in the course of judicial proceedings are absolutely privileged so long as they are in some way pertinent to the subject of the controversy.'" (Citations omitted.) Petyan v. Ellis, 200 Conn. 243,245-46, 510 A.2d 1337 (1986). According to the Restatement of Torts, "an attorney at law is absolutely privileged to publish defamatory matter concerning another in communications . ., during the course and as a part of, a judicial proceeding in which he participates as counsel, if it has some relation to the proceeding." 2 Restatement (Second), Torts, Defamation, § 586 (1976). As a result of the privilege, "damages cannot be recovered for a defamatory statement even if it is published falsely and maliciously." Petyan v. Ellis, supra, 246. CT Page 3304
"The privilege . ., is based upon a public policy of securing to attorneys as officers of the court the utmost freedom in their efforts to secure justice for their clients." 2 Restatement (Second), supra, § 586, comment a. The underlying policy rests on the notion that "the public interest in having people speak freely outweighs the risk that individuals will occasionally abuse the privilege by making false and malicious statements." Petyan v. Ellis, supra, 200 Conn. 246. In order to ensure that the attorney has the freedom to speak openly, the privilege "protects the attorney from liability in an action for defamation irrespective of his purpose in publishing the defamatory matter, his belief in its truth, or even his knowledge of its falsity." 2 Restatement (Second), supra, § 586, comment a.
For communications to be privileged, they must be made in the course of a judicial proceeding. See Petyan v. Ellis, supra, 200 Conn. 245. "The judicial proceeding' to which the immunity attaches has not been defined very exactly. It includes any hearing before a tribunal which performs a judicial function, ex parte or otherwise, and whether the hearing is public or not." Id., 246. The Restatement defines judicial proceeding as including "all proceedings before an officer or other tribunal exercising a judicial function." 2 Restatement (Second), supra, § 586, comment d.
The defendants argue that the letter is privileged because it was made in the course of judicial proceedings for the estate of Cromwell. The defendants submit a copy of this letter from Campbell to the plaintiff to show that the letter was composed and sent in the course of the probate proceeding. Letters between attorneys that reference in the caption or in the content of the letter, a proposed or ongoing judicial proceeding are absolutely privileged. Irwin v. Cohen, 40 Conn. Sup. 259, 263, 490 A.2d 552
(1985); Braunstein v. Hayes Thyne, P.C., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 117928 (February 9, 1994 Lewis, J.). Courts have found that letters written by attorneys in reference to probate proceedings are absolutely privileged. Braunsteinv. Hayes Thyne, P.C., supra, Superior Court, Docket No. 117928; Verebv. Sweeney, Docket No. 366618, 2001 WL 1266171, p. *2 (October 5, 2001,Stevens, J.). Furthermore, letters that are sent to opposing counsel and that refer to a judicial proceeding are privileged; Irwin v. Cohen, supra, 263.
There is no genuine issue of material fact that the letter at issue is privileged because it was written in the course of judicial proceedings and was sent to the plaintiff in her pro se capacity. The letter references the ongoing probate proceeding of Cromwell's estate. The caption clearly references the proceedings, and states "RE: Estate of Jarvis Cromwell." The content of the letter deals with the federal estate CT Page 3305 tax proceeding, a motion for summary judgment, and the proceeding in the probate court in the state of Maine. The letter discusses the trust, the trustee, and the devisees and their respective legal positions. Campbell avers that he wrote the letter "in connection with and relating to the ongoing Estate proceeding in the Probate Court of Maine"; (affidavit of Campbell, ¶ 8); and that the letter was written "in response to certain complaints made by Oppenheim regarding actions taken by EOC C in the Estate proceeding." (Id., ¶ 7.) Attorney Campbell also avers that he sent the letter to the plaintiff because she was representing herself (Affidavit of Attorney Campbell, ¶ 5.) The letter was, in effect, sent from one attorney to another during a judicial proceeding. The defendants, therefore, have shown that the letter was composed and sent in the course of, or in relation to, the probate proceeding.
The plaintiff argues that the letter was not written in the course of judicial proceedings because there were no ongoing judicial proceedings. The plaintiff, however, offers no evidence to demonstrate that the letter does not relate to the ongoing proceedings of the estate. She has not rebutted the evidence submitted by the defendants that the letter was related to the probate proceeding.
Alternatively, the plaintiff claims that the defendants' statements are not absolutely privileged because they are extreme, outrageous and threatening. The plaintiff points to statements in the letter that she argues are not privileged. For example, Campbell writes, on page three, regarding distributions of the trust by the trustee: "Partial distributions would long since would have been accomplished, in time for the later 1999 market prosperity, if it had not been for what we regard as your extravagant charges and your submissions of what we regard as broadside pleadings, usually unsworn, and later unproven. Those partial distributions are now being made, in spite of your attempts, in our view extraordinary, to delay them." Later, he writes, on page four, that the plaintiffs efforts to get involved in the administration of the trust have been "completely misguided." Near the end of the letter, Campbell writes, "Before a recent Court hearing, you indicated to us that you expected to `bury' Mr. Campbell and Mr. Miller. You did not express the same refined and gentle sentiments toward Patricia Cromwell Miller. In context, we enclose a note about burials which we trust you will consider to be in good taste and the good spirit which has so graced this long proceeding."
The plaintiffs claims of intentional infliction of emotional distress or libel, based on the assertion that the statements contained in the letter are extreme, outrageous and threatening, must fail as a matter of law. Even if the statements are extreme and outrageous, they are absolutely privileged because they relate to continuing judicial CT Page 3306 proceedings. When a communication is absolutely privileged, that plaintiff cannot collect damages. Petvan v. Ellis, supra, 200 Conn. 246. The court has held that when a communication is absolutely privileged, there can be no recovery for intentional infliction of emotional distress. Id., 254. Absolute privilege prevents recovery for defamation, especially where the "material is published to individuals sufficiently connected with a proposed proceeding." Braunstein v. Hayes Thynes, P.C., supra, Superior Court, Docket No. 117928.
Here, Campbell sent the letter to the plaintiff, her former attorneys in the probate proceedings and the probate court, all of which were closely connected to the proceedings of Cromwell's estate. The plaintiff has failed to offer any evidence that these people who received the letter were not closely related to the judicial proceedings of the estate. She has failed to show that a genuine issue of material fact exists with regard to either the intentional infliction of emotional distress or the libel claims.
Finally, the plaintiff claims that the statements are not privileged because they are irrelevant to the judicial proceeding. The privilege, however, protects defamatory material that references the subject matter of proposed or pending judicial proceedings and does not need to be "strictly relevant to any issue involved in" the proceedings. Restatement (Second), supra, § 586, comment c. The plaintiff avers that the letter is not relevant to judicial proceedings because it was addressed to her instead of the probate court and were not required filings. (Affidavit of plaintiff, § 13.) The court has found, however, that letters addressed to opposing counsel and not the court are relevant to judicial proceedings. See generally Irwin v. Cohen, supra,40 Conn. Sup. 261-63. Relevancy does not turn on to whom the letter is addressed, but rather how the content of the letter relates to the judicial proceedings. Here, the letter discusses the ongoing judicial proceedings of the estate and the numerous parties involved in the proceedings. The content of the letter shows that it relates to the judicial proceeding of the estate. The plaintiff, has failed to show that there is a genuine issue of fact regarding the relevancy of the statements or its privileged status.
 CONCLUSION
For the foregoing reasons, the defendants' motion for summary judgment is granted.
Booth, J