[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR SUMMARYJUDGMENT #132.05 DEFENDANT'S SUPPLEMENTAL MOTION FOR SUMMARYJUDGMENT #136
The present proceeding is an action to quiet title to a parcel of land located in Danbury, Connecticut. The action was originally commenced on June 25, 1993, by Dana Investment Corporation ("Dana"), who alleged that it was the absolute owner of the subject real estate. Subsequently, by way of an amended CT Page 11289 complaint filed on February 28, 1994, Dana alleged that it was a limited partner in a limited partnership known as Dana Mark Davis Limited Partnership ("DMD"), whose general partners were the defendants, William Weinstein and Richard Schlesinger ("general partners"). Dana alleged further that it brought the present action derivatively on behalf of DMD and sought a determination that DMD retained legal title to the subject real estate,[1]
which was allegedly conveyed by the general partners, purporting to act on behalf of DMD, to themselves, d/b/a Mark David Associates ("MDA").[2] Dana also sought a determination that the deed by which the general partners and MDA acquired title is void and that, consequently, all the interests derived from the general partners and MDA, including the interest of the defendant, Crystal Bay Limited Partnership, be declared void.
Subsequently, by a motion to substitute party plaintiff dated February 5, 1996, Quik-Power International Corporation ("plaintiff") alleges that it is the true plaintiff in the present action by virtue of an assignment dated March 3, 1992[3] granting the plaintiff all of Dana's rights, including the right to prosecute this action on Dana's behalf.
The defendant, Crystal Bay Limited Partnership, challenges the plaintiff's allegations on several grounds in an answer filed on March 26, 1996. First, the defendant alleges that it has acquired title to the subject property by virtue of the foreclosure of the mortgage encumbering the parcel. (First Special Defense, ¶ 10.) Second, the defendant alleges that the claims of the plaintiff are barred by the doctrine of res judicata. (First Special Defense, ¶ 11.) Third, the defendant alleges that the plaintiff's claims are barred by the statute of limitations, General Statutes § 52-577. (Third Special Defense, ¶ 1.) Fourth, the defendant alleges that, as an alternative ground, the defendant has an equitable mortgage on the property by virtue of the payment of the Chemical Bank mortgage which was prior in right to any interest the plaintiff may have. (Sixth Special Defense, ¶¶ 5 and 6.) The defendant also filed a counterclaim praying for a judgment quieting title of the property in the defendant (defendant's Counterclaim, Count One) or, in the alternative, for a judgment declaring that the defendant has an equitable mortgage on the property and for foreclosure of said mortgage. (Defendant's Counterclaim, Count Two.)
On November 1, 1996, the defendant filed a motion for summary CT Page 11290 judgment and attached a memorandum of law, two affidavits and exhibits. The defendant moves for summary judgment on the grounds that: (1) the defendant has acquired title to the land in question in a foreclosure action and, therefore, the competing claims of the plaintiff are barred by the doctrine of res judicata; (2) the plaintiff's claims are barred by the statute of limitations, General Statutes § 52-577; (3) in the alternative, should the court decline to grant the motion for summary judgment, the defendant has an equitable mortgage on the property equal to the mortgage originally granted by MDA to the bank; (4) in the alternative, should the court decline to grant the motion for summary judgment or decline to find that the defendant has an equitable mortgage for the full indebtedness, the defendant has an equitable mortgage equal to the mortgage held by Chemical Bank because such mortgage, which pre-dates the plaintiff's interest, was paid off with the proceeds from the defendant's loan. The plaintiff filed an objection to the motion for summary judgment on December 11, 1996, on the ground that the defendant never received permission from the court to file the motion for summary judgment. Such objection was overruled by the Court, Mihalakos, J., on February 3, 1997.
On January 24, 1997, the defendant filed an additional motion for summary judgment to supplement its motion dated November 1, 1996. Because the present action is prosecuted by the plaintiff derivatively on behalf of DMD, the defendant moves on the additional ground that, subsequent to a petition for bankruptcy filed on March 23, 1995 by DMD, the plaintiff is deprived of authority to proceed further because of a settlement agreement approved by the Bankruptcy Court between the defendant and DMD's appointed trustee pursuant to which the defendant received a deed of any interest DMD may have on the contested property and an assignment of whatever interest DMD has in the present action. Therefore the defendant argues that the motion for summary judgment should be granted on the grounds that (1) it has acquired title to the contested property; and (2) as assignee of all of DMD's interest in the present litigation it seeks dismissal of the complaint. The defendant also filed a supporting memorandum of law and exhibits.
The plaintiff filed an objection to the defendant's motion for summary judgment and supplemental motion for summary judgment, a supporting memorandum of law and supporting affidavits on March 7, 1997. Additional briefs were submitted on March 10, 1997 and March 21, 1997 by the defendant, and March 20, CT Page 11291 1997 by the plaintiff.
"Practice book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof' submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Doty v.Mucci, 238 Conn. 800, 805, 679 A.2d 945 (1996). "A `material' fact has been defined adequately and simply as a fact that will make a difference in the result of the case." Hammer v.Lumberman's Mutual Casualty Co., 214 Conn. 573, 578, 573 A.2d 699
(1990). Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. UnitedTechnologies Corp., 233 Conn. 732, 751, 660 A.2d 810 (1995).
"The burden of proof is on the moving party and the standards of summary judgment are strictly and forcefully applied." Id., 752. "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) HomeInsurance Co. v. Aetna Life Casualty Co., 235 Conn. 185, 202,663 A.2d 1001 (1995). "Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . ." (Internal quotation marks omitted.) Id. "The existence of the genuine issue of material fact must be demonstrated by counter affidavits and concrete evidence." 2830 Whitney Avenue Corp. v. Heritage CanalDevelopment Associates, 33 Conn. App. 563, 567, 636 A.2d 1377
(1994).
"A summary disposition . . . should be on evidence which a jury would not be at liberty to disbelieve and which would require a directed verdict for the moving party." (Internal quotation marks omitted.) Miller v. United Technologies Corp.,
supra, 233 Conn. 752. "A directed verdict may be rendered only where, on the evidence viewed in the light most favorable to thenonmovant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed." (Emphasis in original.) Id. "Only evidence that would be admissible at trial may be used to support or oppose a motion for summary judgment." Home Ins. Co. v. Aetna Life Casualty Co.,
supra, 235 Conn. 202-03; Practice Book § 381. CT Page 11292
"Summary judgment may be granted where the claim is barred by the statute of limitations." Doty v. Mucci, 238 Conn. 800, 806,679 A.2d 945 (1996). "[S]ummary judgment is an appropriate vehicle for raising a claim of res judicata. . . ." (Citation omitted.) Joe's Pizza, Inc. v. Aetna Life Casualty Co.,236 Conn. 863, 867 n. 8, 675 A.2d 441 (1996). Summary judgment, however, "is ill adapted to cases of a complex nature or those involving important public issues, which often need the full exploration of trial." United Oil Co. v. Urban RedevelopmentCommission, 158 Conn. 364, 375, 260 A.2d 596 (1969). See alsoMiller v. United Technologies Corp., 233 Conn. 732, 752,660 A.2d 810 (1995) (summary judgment is ill suited to the disposal of complex cases).
Motion For Summary Judgment # 132.05
The defendant claims that it acquired title to the subject property by virtue of the foreclosure on the mortgage granted by MDA to the defendant's predecessor in interest, First Constitution Bank. The foreclosure action was defended by Nicholas Attick, Jr. ("Attick"), one of the named defendants and majority shareholders of Dana, who was defaulted for failure to obey court orders concerning discovery. Attick appealed from the judgment of foreclosure but the Appellate Court dismissed the appeal and eventually, after a further appeal and delays, titled vested in the defendant on November 30, 1994. The defendant argues that because the plaintiff is apparently an assignee of Dana, who defended the foreclosure action through its president, Attick, it is bound by the judgment entered in that proceeding. The defendant further claims that Dana and Attick, commenced an action against the defendant in the U.S. District Court for the Southern District of New York on June 5, 1991, which was dismissed with prejudice on February 26, 1993. (Defendant's Exhibit F.) This order has not been overturned on appeal and therefore, the defendant argues, it precludes the plaintiff from having another day in court. The plaintiff counters that the deed by which the defendant ultimately acquired title to the subject property was void and, therefore, not effective in transferring title to the defendant. The plaintiff submitted the affidavit of an expert witness who states that the original conveyance to the defendant's predecessor in interest was void because the general partners, who later conveyed an interest to the subject property to the defendant's predecessor, lacked the requisite authority to do so because their authority to act on Dana's behalf was CT Page 11293 terminated by letter dated July 8, 1988, prior to the conveyance. (Plaintiff's Affidavit in Support of Objection to Motion for Summary Judgment: "Buck Affidavit".) Furthermore, the plaintiff argues that the judgment entered pursuant to the action for foreclosure on the mortgage, is not binding on Dana, and consequently cannot be binding on its assignee, the plaintiff, because Dana was not a party to that action.
As it pertains to the action brought in the Southern District of New York, the plaintiff argues that such action was brought under the Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. § 1961 et seq.) (RICO) and that it did not affect the present action to quiet title. In support of this position the plaintiff submitted the affidavit of the attorney who drafted the complaint and represented the plaintiff in that action ("Zwirn Affidavit"). The Zwirn affidavit states that the claims in that action did not relate to the issue of legal title to the property involved in the present litigation. The defendant submitted a copy of the complaint relating to the action in federal court which alleges numerous RICO violations but also implicates the subject property and prays for a judgment declaring the defendant's lien void and restoring title to DMD. (Federal Court Complaint, Count 13, ¶ 221.)
This case presents the following issues of fact:
1) Whether the conveyance by the general partners to MDA was effective in transferring the title of the subject property in view of the fact that there are questions as to whether the general partners had actual or apparent authority to act on behalf of Dana. (See Buck Affidavit).[4]
2) Whether the foreclosure action completed in November 1994 was binding on the plaintiff's predecessor, Dana, who was not a party to the action and, consequently, on the plaintiff.[5]
3) Whether the action instituted in the U.S. District Court for the Southern District of New York binds the present plaintiff in light of the finding that, as submitted, there are questions of fact as to whether the actions of Attick and Dana are binding on the plaintiff for purpose of the doctrine of res judicata.
Therefore the motion for summary judgment (# 132.05) is denied. CT Page 11294
Moreover, the defendant argues that in the alternative, if the court denies the motions for summary judgment, the defendant is entitled to an equitable mortgage on the property because the mortgage granted by MDA to the defendant's predecessor in interest, First Constitution Bank, continues to be a lien on the property. Whether the defendant holds an interest on the subject property by virtue of the mortgage from MDA to First Constitution Bank ultimately hinges on the issue of whether the general partners conveyance to MDA was valid and thus effective to pass title,[6] which issue, is an issue of fact to be determined by the trier. Therefore the court denies the request for equitable relief at this time.
Furthermore, the defendant argues that the court should grant the motion for summary judgment because the plaintiff's claim is barred by the statute of limitations, General Statutes §52-577. The three year statute of limitations, General Statutes § 52-577 does not apply to actions to quiet title, such as the present. Virginia Corporation v. Galanis, 223 Conn. 436,443-44, 613 A.2d 274 (1992). Therefore, the court denies the motion for summary judgment on statute of limitations ground.
Motion for Summary Judgment #136
The defendant argues that, because it acquired all of DMD's interests and rights pursuant to an agreement with DMD's bankruptcy trustee, and because the plaintiff's claim is a derivative one brought on behalf of DMD, any recovery the plaintiff would be entitled to would ultimately benefit the defendant. Therefore the defendant is entitled to judgment as a matter of law. The plaintiff counters that the assignment from DMD's bankruptcy trustee to the defendant could not have conveyed any rights with regard to the subject property because those rights had already been assigned by DMD to the plaintiff and, therefore, the trustee "could not have conveyed anything which [DMD] did not have at the time of the assignment." (Plaintiff's Memorandum in Opposition.[7]) The defendant replies that the assignments evidenced by the plaintiff's exhibits are recent fabrications and therefore the court should not give them credence. (Defendant's Reply Memorandum dated March 21, 1997.)
The additional arguments presented by the defendant involve the following issues of fact:
1) Whether the assignment from Dana to Consolidated CT Page 11295 Investment Corporation and, subsequently, from Consolidated to the plaintiff, is a forgery and therefore invalid.[8]
2) Whether the defendant could acquire DMD's rights by assignment from DMD's bankruptcy trustee in light of the contested prior assignment from Dana to Consolidated.
The resolution of these questions involve factual issues which need to be determined at trial. In light of the complexities presented in this case, the defendant's motions for summary judgment are denied.
STODOLINK, J.